IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JONES,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF CONTRA COSTA, CITY OF EMERYVILLE, MICHELLE JONES, STEVE HARDISTER, BONNIE HARDISTER, RICHARD LUECK, EMERYVILLE POLICE, THOMAS TOLER d/b/a TOLER BAIL BONDS, ELDON BILL BOLIN, SHERI McNAMARA, GARY McNAMARA, CHRISTOPHER LAVALLEE, and DOES 1–100, individually and/or as employees or agents of CONTRA COSTA COUNTY or CITY OF EMERYVILLE,<br><br>  Defendants.<br>_____/ | No. C 07-00642 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND VACATING HEARING** |

**INTRODUCTION**

In this civil rights action, plaintiff Robert Jones is proceeding *pro se*. Defendants City of Emeryville, Emeryville Police Department, and Richard Lueck have moved to dismiss the complaint. This order finds that defendants' arguments have merit. Accordingly, the motions to dismiss are **GRANTED WITH LEAVE TO AMEND**.[*]

**STATEMENT**

---

[*] The complaint in this case was initially filed on January 31, 2007. At the case management conference held on July 5, 2007, defendants informed the Court their belief that plaintiff had been arrested and was in state custody. Defendants thereafter informed the Court that plaintiff was (and is) being held at the West County Detention Facility in Richmond, California. All pleadings and court orders have subsequently been served on plaintiff at the West County Detention Facility. A second copy should also be timely mailed to the original service address.

Plaintiff's complaint contains a confusing recital of facts. This order now briefly summarizes the complaint's allegations.

Plaintiff was formerly married to defendant Michelle Jones. Their marital relationship allegedly suffered due to her abuse of Valium and alcohol. According to the complaint, plaintiff's wife made constant threats to call 911 to get him arrested, which she did on at least one occasion (Compl. ¶¶ 18–22, 24, 28).

After plaintiff and Jones divorced, plaintiff obtained room, board, and financial assistance from his friend, defendant Christopher Lavallee. Plaintiff alleges that Lavallee abused alcohol and drugs, including Valium and cocaine, and needed treatment for substance abuse. One night, after drinking heavily and using cocaine, Lavallee allegedly attempted to commit suicide by cutting his arm with a razor blade. Plaintiff alleges that the next day, Lavallee revealed that he was having trouble dealing with stress resulting from a recent "mistake" involving a secret homicide. Lavallee allegedly made an implicit threat to kill plaintiff to protect his secret (Compl. ¶¶ 23–25).

At some unspecified point in time, plaintiff moved back to his own home in Bethel Island, California. At 6:30 a.m. on January 31, 2005, plaintiff made a telephone call to the Emeryville Police Department to advise law enforcement that Lavallee had attempted to commit suicide. Plaintiff allegedly hoped that his telephone call would result in Lavallee receiving treatment. Two hours later, plaintiff received a telephone call from the Contra Costa County Sheriff's Department to confirm his identity and placement of the call to the Emeryville Police Department (Compl. ¶¶ 26–27).

Plaintiff looked out his window and discovered that his home was surrounded by SWAT personnel armed with high-powered rifles. The Contra Costa County Sheriff's Department was apparently acquainted with plaintiff and the firearms kept at the residence. The sheriff's deputies had visited the property on several occasions, allegedly as the result of telephone calls placed by Michelle Jones while she was under the influence of drugs and alcohol. Plaintiff alleges that Michelle Jones may have instigated the January 2005 incident by making a false

2

911 call to the Contra Costa County Sheriff's Department while intoxicated or under the influence of drugs (Compl. ¶¶ 27–28).

Plaintiff began negotiating with the Contra Costa County Sheriff's negotiators. Plaintiff disabled his firearms and went outside to "show them that he was okay." His home, however, remained under "siege." After coaxing plaintiff down the stairs of the house, several deputies forcibly took plaintiff down and arrested him. In the process, they allegedly injured his leg, shoulder, and one of his teeth. They also allegedly seized his firearms and humiliated him. The complaint also alleges that since the January 2005 incident, Contra Costa County Sheriff's deputies have harassed, assaulted, and pointed firearms at him "in the towns of Rodeo, Bethel Island, Martinez and Oakley," resulting in "grave injury and near death" (Compl. ¶¶ 30–32).

The complaint names as defendants the City of Emeryville, the Emeryville Police, the County of Contra Costa, nine known individuals, and up to a hundred Doe defendants. It alleges the following claims: (1) violation of civil rights pursuant to 42 U.S.C. 1983 for unlawful arrest against all defendants; (2) violation of civil rights pursuant to 42 U.S.C. 1983 for unlawful search against all defendants; (3) violation of civil rights pursuant to California Civil Code 52.1 for unlawful arrest against all defendants; (4) violation of civil rights pursuant to California Civil Code 52.1 for unlawful search against all defendants; (5) intentional infliction of emotional distress against all defendants; (6) false arrest against all defendants; (7) assault and battery against the Doe defendants, individually and as employees of Contra Costa County; (8) negligent infliction of emotional distress against all defendants; and (9) trespass against the Doe defendants, individually and as employees of Contra Costa County.

Defendants City of Emeryville and City of Emeryville Police Department jointly filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), as well as a motion to strike portions of the complaint pursuant to Rule 12(f). Individual defendant Richard Lueck also moves to dismiss the complaint.

**ANALYSIS**

A motion to dismiss a complaint for failure to state a claim can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

3

would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). "All allegations of material fact [must be] taken as true and construed in the light most favorable" to the plaintiff. However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

Plaintiff Williams is prosecuting this action in propria persona. The Court therefore will construe his complaint liberally. The ultimate issue presented is whether it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief, even when his claims are liberally construed. *See Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996) (setting standard for motions to dismiss against *pro se* plaintiffs).

With respect to defendant Lueck and the Emeryville defendants, the complaint is virtually silent as to any wrongdoing by these defendants. This order holds that because neither Lueck nor the Emeryville defendants can be shown in *this complaint* to have harmed plaintiff, defendants' motions to dismiss must be granted.

The complaint here explicitly references defendant Lueck only twice. Neither reference alleges any *facts* that would suggest wrongdoing by Lueck. First, it states (Compl. ¶ 11):

> Defendant RICHARD LUECK (hereinafter "RICHARD") is an individual, who at all times relevant herein, was [a] THOMAS TOLER, dba Bail Bonds, (hereinafter "THOMAS") is an individual, who at all times relevant herein, was an individual and/or acting as an agent of [Contra Costa County] and/or [City of Emeryville].

Later, the complaint alleges (Compl. ¶ 33):

> The CONTRA COSTA COUNTY SHERIFF's DEPARTMENT have joined MICHELLE JONES, STEVEN HARDISTER, BONNIE HARDISTER, RICHARD LUECK, EMERYVILLE POLICE, THOMAS TOLLER, dbd TOLER BAIL BONDS, ELDON BILL BOLIN, SHERI McNAMARA, GARY McNAMARA, and DOES 1–100 inclusive in a conspiracy by to suppress plaintiff ROB from enjoying his Civil Rights. These persons and organizations have continuously interfered with Plaintiff ROB's present and prospective economic advantage. The full reports, discovery and trial examination will prove repeated acts of slander, libel and criminal conspiracy by all named defendants.

4

1    Likewise, the City of Emeryville and the Emeryville Police Department are barely
2 mentioned in the complaint. The first reference merely makes general allegations against the
3 Emeryville defendants (Compl. ¶ 7):

> Defendant, EMERYVILLE POLICE, is a city governmental agency organized and existing pursuant to the law and policies of defendant CITY, which promulgated, encouraged, administered, and/or permitted, the policies, practices and procedures under which the individual defendant employees committed the acts or omissions complained of herein . . .

8    Other individual defendants are referenced as acting as agents of Emeryville, but the
9 complaint does not provide any facts indicating that these other defendants had any connection
10 at all with the Emeryville defendants (Compl. ¶¶ 8–15). There is only one mention of the
11 Emeryville Police in the factual recitation in the complaint — when plaintiff called the
12 Emeryville Police Department on January 31, 2005. Thus, the only direct connection
13 Emeryville has to the facts of this case, at least as far as the complaint alleges, is when it
14 received that phone call (Compl. ¶ 27). Plaintiff's allegations permit the inference that after
15 receiving the call, the Emeryville Police Department notified the Contra Costa County Sheriff's
16 Office, which then responded to the incident (*ibid.*).

17    The complaint here utterly fails to apprise movants of what harm they allegedly did to
18 plaintiff. In such circumstances, the Ninth Circuit has explained that "[a]lthough a *pro se*
19 litigant . . . may be entitled to great leeway when the court construes his pleadings, those
20 pleadings nonetheless must meet some minimum threshold in providing a defendant with notice
21 of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th
22 Cir. 1995). The complaint here has not met that minimum threshold with respect to Lueck and
23 the Emeryville defendants. Dismissal of the complaint is warranted.

24    In response to the instant motions, plaintiff filed an "opposition" that alleges more facts
25 against the Emeryville defendants and Lueck. The opposition alleges that the Emeryville Police
26 Department failed to investigate fully the substance of plaintiff's call — a warning regarding
27 the attempted suicide of Lavallee. The opposition also alleges that the Emeryville Police
28 Department notified the Contra Costa County Sheriff's Department of plaintiff's telephone call.

5

As to defendant Lueck, the opposition alleges that in his realty business, he sold homes to defendant Lavallee. Plaintiff alleges that defendant Lueck communicated slanderous and libelous statements about plaintiff "to other realtors, potential buyers and his office staff and vendors" (Opp. 2–3). The opposition does not explain how the allegations in the instant complaint are legally sustainable for pleading purposes.

It is difficult to see how these additional facts would cure the pleading deficiencies in the complaint. As to the Emeryville defendants, plaintiff has yet to show how any act or omission by the city or the police department contributed to the harm that plaintiff allegedly suffered. As to defendant Lueck, the misconduct alleged appears to relate to his business as a real estate agent, not as a person acting under color of state law, a requirement in a suit brought pursuant to 42 U.S.C. 1983.

Despite all these problems, plaintiff must be given at least one more chance to amend his complaint. "[D]ismissal is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980). Here, it remains possible that amendment could cure the pleading deficiencies. Plaintiff must, consistent with Rule 8, make "a short and plain statement of the claim showing that the pleader is entitled to relief" as against defendant Lueck and the Emeryville defendants.

## CONCLUSION

Defendants' motions to dismiss are **GRANTED WITH LEAVE TO AMEND**. The amended complaint should be filed by **AUGUST 31, 2007.** The hearing on these motions, currently scheduled for **AUGUST 2, 2007**, is **VACATED**. Because this order grants the motions to dismiss, it need not address the Emeryville defendants' motion to strike, which is moot.

Plaintiff, in fairness, must be warned that there is no right to repeated amendments. As a *pro se* plaintiff, he is being given liberal leave to amend. His next pleading, however, should set forth his best case. He should not expect to be able to "fix" yet again any pleading shortfalls.

**IT IS SO ORDERED.**

Dated: July 30, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE